IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LISA BYERS,                                  :

                Plaintiff,

-vs-

MICHAEL ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.         :

Case No. 3:08-cv-92

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## DECISION AND ORDER

This case is before the Court on Plaintiff's Motion for Allowance of Attorney Fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. §406(b)(1). Doc. 17. The Commissioner does not object. *Id.* at PageID 115.

Plaintiff has moved the Court for the allowance of attorney fees in the amount of Two Thousand Four Hundred Forty-Four Dollars and Fifty Cents ($2, 444.50). *Id.* In support, Plaintiff has submitted a copy of the fee agreement she entered with her counsel and a copy of the Commissioner's award letter advising Plaintiff that the administration has withheld Nine Thousand Seven Hundred Twenty Dollars and Seventy-Five Cents ($9,720.75) from Plaintiff's past due benefits for the payment of attorney fees. Doc. 17, Attachments 1 and 2 thereto, PageID 121; 122-27. Finally, Plaintiff has submitted counsel's Fee Application Affidavit which reflects, *inter alia*, that there were Twenty (20) attorney hours spent pursuing this action on Plaintiff's behalf. Doc. 17, PageID 118-20; Doc. 17, Attachment 1 thereto, PageID 145.

Section 206(b) of the Social Security Act, 42 U.S.C. §406(b), authorizes courts to award attorney fees after the successful prosecution of social security disability appeals. However, such

fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal.

The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past due benefits. *Gisbrecht v. Barnhard,* 535 U.S. 789, 804 (2002). In determining an award of attorney fees under the Social Security Act pursuant to a contingent fee agreement, this Court must look at the contingent fee agreement and test it for reasonableness. *Id.* at 808. Of course, contingent fee agreements are unenforceable to the extent that they provide for fees in excess of the statutory limit of 25% of past due benefits. *Id.* at 807; 42 U.S.C. § 406(b)(1)(A). Within the 25% boundary, the attorney for the successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered. *Gisbrecht,* 535 U.S. at 807. Section 406(b) "does not displace contingent-fee agreements" but rather "calls for the court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

In the Sixth Circuit, there several leading cases on the award of attorney fees in successful social security appeals.

In *Webb v. Richardson,* 472 F.2d 529 (6th Cir. 1972), *overruled on other grounds, Horenstein v. Secretary of Health and Human Services,* 35 F.3d 261 (6th Cir. 1994), the Court expressed its concern that delay in the judicial processing of social security appeals would inflate awards of fees because the mere passage of time would increase the past due benefits from which the fee award would be made.[1] Therefore, *Webb* limited the length of time that could be used to

---

[1] In *Webb,* the Sixth Circuit also adopted the single forum rule. However, the Court abandoned that rule in

2

compute the amount of past-due benefits which would be subject to the award of attorney fees. The court held that "[i]n no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months [of the case being at issue]." *Webb*, 472 F.2d at 538. The Sixth Circuit reaffirmed the temporal limitation of *Webb* in *Dearing v. Secretary of Health and Human Services*, 815 F.2d 1082 (6th Cir. 1987).

In *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989), the court addressed the question of contingent fee agreements in social security appeals. The court held that a 25% fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Id.* at 746. In addition, the *Rodriquez* court stated:

> Deductions generally should fall into two categories: (1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.

*Id.*

In *Royzer v. Secretary of Health and Human Services*, 900 F.2d 981 (6th Cir. 1990), the court applied *Rodriquez* in a situation where the district court had reduced a request for attorney fees in a case where there was a contingent fee agreement solely because the fee agreement would have resulted in what the district court perceived as a higher than normal hourly rate. In rejecting the district court's approach, the *Royzer* court said:

> Although [counsel] did not bill on an hourly basis, the district court computed his hourly rate by dividing the hours worked into the amount of the requested fee. The result was an hourly rate of $151.51. We tend to agree with the trial judge that, viewed as an hourly rate billing, this is on the high side; however, this is not an hourly rate billing. It is not at all unusual for contingent fees to

---

*Horenstein.*

3

> translate into large hourly rates if the rate is computed as the trial judge computed it here. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and under compensate in others. It is the nature of the beast.

*Id.* at 982. The *Royzer* court did not reject the idea that a district judge could never reduce a contingent fee agreement to an hourly rate as part of the calculation of an appropriate fee. However, the court did stress that if there is to be a reduction in a contingent fee request, it must be in accordance with the standards set forth in *Rodriquez*.

In *Hayes v. Secretary of Health and Human Services,* 923 F.2d 418 (6th Cir. 1990), the court elaborated on *Royzer*. The *Hayes* court said that "under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted by the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. In other words, in a contingent fee case, unless and until the hypothetical hourly rate exceeds twice the standard rate, a court may not conclude that the requested fee is a windfall. The *Hayes* court also said that it was not limiting the discretion vested in the district courts to make deductions for improper attorney conduct or ineffectiveness of counsel. *Id.*

Section 406(b) "does not displace contingent-fee agreements" but rather "calls for the court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart,* 535 U.S., 789, 807 (2002).

With these principles in mind, the Court turns to the present Motion.

As reflected by the Commissioner's award letter, counsel's requested fee of $2,444.50 represents less than 25% of Plaintiff's past-due benefits and counsel's affidavit indicates that

4

counsel spent 20.00 hours representing Plaintiff. Counsel's requested fee of $2,444.50 for 20.00 hours represents an hourly rate of $122.23. Using a conservative hourly rate of $175.00 and multiplying the number of hours counsel expended, the resulting product is $3,500.00. Plaintiff's requested fee of $2,444.50 is less than that product. Accordingly, Plaintiff's requested fee falls within the *Rodriquez/Royzer/Hayes* parameters.

Plaintiff's Motion for Allowance of Attorney Fees in the amount of Two Thousand Four Hundred Forty-Four Dollars and Fifty Cents, (Doc. 17), is well taken and hereby GRANTED. November 13, 2012.

Walter Herbert Rice
United States District Judge

J://SocialSecurity/Byers_fees